# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JOHN BUGG and REGINALD GLADMON, | ) ) ) |
| Plaintiffs, | ) CIVIL ACTION ) ) |
| v. | ) FILE NO.: _____ ) ) |
| SAFE FREIGHT TRANSPORTATION, LLC, SHANDON WILLIAMS, and CSX TRANSPORTATION, INC., | ) ) ) Plaintiffs Demand a Jury Trial ) ) ) |
| Defendants. | ) |

## COMPLAINT

Plaintiffs John Bugg ("Bugg") and Reginald Gladmon ("Gladmon"), by and through counsel, hereby bring this Complaint for Damages against Defendants, Safe Freight Transportation, LLC, (hereinafter "SFT"), Shandon Williams, (hereinafter "Williams"), and CSX Transportation, Inc. (hereinafter "CSXT"), and allege the following:

### JURISDICTION AND VENUE

1. Plaintiff John Bugg is a citizen and resident of Hepzibah, Richmond County, Georgia.

2. Plaintiff Reginald Gladmon is a citizen and resident of Augusta, Richmond County, Georgia.

3. Defendant SFT is a common carrier by commercial motor vehicle for compensation, incorporated in the State of Georgia, with its principal place of business at 155 Silver Willow Walk, Covington, Georgia 30016.

4. Defendant SFT can be served with process through its Registered Agent: Melissa M. Davis, 155 Silver Willow Walk, Covington, Newton County, Georgia 30016.

5. Defendant Williams is a resident of 155 Silver Willow Walk, Covington, Newton County, Georgia 30016.

6. Plaintiff Bugg was, and all times relevant to this Complaint, an employee of CSXT. Plaintiff Bugg currently remains an employee of CSXT.

7. Plaintiff Gladmon was, and all times relevant to this Complaint, an employee of CSXT. Plaintiff Gladmon currently remains an employee of CSXT.

8. Defendant CSXT is an interstate rail carrier and operates a freight railroad throughout many counties in Georgia, and specifically owns and operates multiple rail yards in the Northern District of Georgia.

9. Defendant CSXT does business, and was at all times mentioned herein doing business, within the jurisdiction of this Court as a common carrier of intrastate and interstate commerce.

10. Defendant CSXT maintains offices, rail yards, railroad track, railcars and locomotives within the jurisdiction of this Court as a common carrier of intrastate and interstate commerce.

11. Defendant CSXT can be served with process through its registered agent: C T Corporation System at 289 S. Culver Street, Lawrenceville, GA 30046.

12. Jurisdiction in this Court is proper with respect to Defendant SFT, by virtue of 28 U.S.C. § 1367.

13. Jurisdiction in this Court is proper with respect to Defendant Williams, by virtue of 28 U.S.C. § 1367.

14. Jurisdiction in this Court is proper with respect to Defendant CSXT, by virtue of 45 U.S.C. § 56.

15. Venue in this Court is proper with respect to Defendants SFT, Williams, and CSXT pursuant to 28 U.S.C. § 1391(b)(1) as all Defendants are residents of Georgia, and all Defendants have registered agents that reside within this District.

16. Plaintiff's action arises as to CSXT under the Federal Employers Liability Act ("FELA"), 45 U.S.C. §§51-60 and pursuant to applicable Georgia common and statutory law.

17. At the time of his injury, Plaintiff Bugg was working in the furtherance of interstate commerce and in work which directly, closely and substantially affected the general interstate commerce carried on by Defendant CSXT.

18. At the time of his injury, Plaintiff Gladmon was working in the furtherance of interstate commerce and in work which directly, closely and substantially affected the general interstate commerce carried on by Defendant CSXT.

## FACTS

19. On April 8, 2021, Plaintiff Bugg was working as a freight conductor for CSXT on a freight train traveling eastbound in Dekalb County, Georgia at the railroad crossing at the intersection of Old Covington Road and Turner Hill Road.

20. On April 8, 2021, Plaintiff Gladmon was working as a locomotive engineer for CSXT on a freight train traveling eastbound in Dekalb County, GA at the railroad crossing at the intersection of Old Covington Road and Turner Hill Road.

21. On April 8, 2021 Defendant Williams at all times relevant to this Complaint was an employee and/or agent of SFT.

22. On April 8, 2021 Defendant Williams held a commercial driver's license and was working as a professional truck driver.

23. On April 8, 2021, at or about 10:45 a.m., and at all times relevant hereto, Defendant Williams was acting within the scope and course of his employment with SFT at the time of the crossing collision with the CSXT freight train operated by Plaintiffs.

24. On April 8, 2021, while acting within the scope and course of his employment with Defendant SFT, Defendant Williams caused the semi-tractor and trailer he was operating in a southbound direction to stop upon the railroad crossing at grade located at the intersection of Old Covington Highway and Turner Hill Road directly in the path of the CSXT freight train Plaintiffs were operating.

25. On April 8, 2021, Defendant SFT owned the semi-truck and trailer that were being operated by Defendant Williams, and were involved in the crossing collision with the CSXT freight train involved in the subject incident.

26. Plaintiffs Bugg and Gladmon, while operating the CSXT freight train in a safe and reasonable manner, were unable to stop the freight train before it violently struck the Defendant SFT-owned semi-tractor and trailer that Defendant Williams had caused to be stopped on the railroad crossing at grade involved in the subject incident.

## COUNT ONE
## <u>VICARIOUS LIABILITY OF SAFE FREIGHT TRANSPORTATION, LLC AS TO PLAINTIFF JOHN BUGG</u>

27. Plaintiffs re-allege and incorporate by reference the allegations contained in Paragraphs 1-26 above as though fully set forth herein.

28. Defendant SFT is liable for the negligent acts of its employee and agent Defendant Williams whom, at all times relevant to this Complaint, was acting within the scope and course of his employment with Defendant SFT.

29. Defendant SFT is liable to Plaintiff Bugg pursuant to the doctrine of respondeat superior and agency principles.

30. It was foreseeable that Defendant SFT's negligence would cause Plaintiff Bugg's injuries.

31. As a direct and proximate result of Defendant SFT's negligence, Plaintiff Bugg suffered severe, debilitating and possibly permanent injuries.

32. As a direct and proximate result of Defendant SFT's negligence, Plaintiff Bugg suffered physical injury and pain, psychological injury and mental anguish.

33. As a direct and proximate result of Defendant SFT's negligence, Plaintiff Bugg incurred medical expenses and will continue to incur future medical expenses due to the nature and extent of his injuries.

34. As a direct and proximate result of Defendant SFT's negligence, Plaintiff Bugg has suffered lost wages and benefits, and will continue to suffer future losses.

35. It was foreseeable that the negligence of Defendant SFT's, its agent and/or employee, would cause an accident resulting in Plaintiff Bugg's damages and injuries.

## COUNT TWO
## NEGLIGENCE OF DEFENDANT SHANDON WILLIAMS AS TO PLAINTIFF JOHN BUGG

36. Plaintiffs re-allege and incorporate by reference the allegations contained in Paragraphs 1-35 above as though fully set forth herein.

37. Defendant Williams breached the general duty of care and directly or proximately caused injuries to Plaintiff Bugg by, but not limited to, one or more of the following acts of negligence or negligence per se:

   (a) On April 8, 2021 Defendant Williams, while operating Defendant SFT's semi-tractor and trailer, and working within the course and scope of his employment with Defendant SFT, failed to maintain a sufficient lookout for approaching trains on the railroad track that he was preparing to cross in Dekalb County, Georgia at the railroad crossing at grade at the intersection of Old Covington Highway and Turner Hill Road involved in the subject incident;

(b) On April 8, 2021, Defendant Williams, while operating Defendant SFT's semi-tractor and trailer, and working within the course and scope of his employment with Defendant SFT, failed to exercise ordinary care in avoiding the subject collision;

(c) On April 8, 2021, Defendant Williams, while operating Defendant SFT's semi-tractor and trailer, and working within the course and scope of his employment with Defendant SFT, drove Defendant SFT's semi-tractor and trailer over a railroad grade crossing with a train approaching in violation of O.C.G.A. § 40-6-140(d) with such violation constituting negligence *per se*;

(d) On April 8, 2021, Defendant Williams, while operating Defendant SFT's semi-tractor and trailer, and working within the course and scope of his employment with Defendant SFT, failed to ensure that there was sufficient space to drive completely through the railroad grade crossing without stopping in violation of O.C.G.A. § 40-6-140 (e) with such violation constituting negligence *per se*.

(e) On April 8, 2021, Defendant Williams, while operating Defendant SFT's semi-tractor and trailer, and while working within the course and scope of his employment with Defendant SFT, failed to comply with the official traffic control devices erected at the crossing in

    violation of O.C.G.A. § 40-6-20 with such violation constituting negligence *per se*.

    (f) On April 8, 2021, Defendant Williams, while operating Defendant SFT's semi-tractor and trailer, and while working within the course and scope of his employment with Defendant SFT, drove with reckless disregard for the safety of persons or property in violation of O.C.G.A. § 40-6-390, with such violation constituting negligence *per se*.

38. As a direct and proximate result of Defendant William's negligence as described above, Plaintiff Bugg suffered severe, debilitating and possibly permanent injuries.

39. As a direct and proximate result of Defendant William's negligence as described above, Plaintiff Bugg suffered physical injury and pain, psychological injury and mental anguish.

40. As a direct and proximate result of Defendant William's negligence as described above, Plaintiff Bugg incurred medical expenses, and will continue to incur future medical expenses, due to the nature and extent of their injuries.

41. As a direct and proximate result of Defendant William's negligence as described above, Plaintiff Bugg has suffered lost wages and benefits, and will continue to suffer future losses.

42. It was foreseeable that the negligence of Defendant Williams would cause an accident resulting in Plaintiff Bugg's damages and injuries.

## COUNT THREE
## NEGLIGENCE AND THE FEDERAL EMPLOYERS' LIABILITY ACT (FELA) AS TO DEFENDANT CSX TRANSPORTATION, INC. AS TO PLAINTIFF JOHN BUGG

43. Plaintiff re-alleges and incorporates by reference the allegations contained in Paragraphs 1-42 above as though fully set forth herein.

44. Defendant CSXT has a non-delegable duty to provide Plaintiff Bugg with a reasonably safe place to work.

45. Assumption of the risk is not a defense available to Defendant CSXT under a claim made by Plaintiff Bugg pursuant to the FELA.

46. On April 8, 2021, Defendant CSXT, its agents and/or employees were negligent in failing to ensure the track structure of the railroad crossing involved in the subject incident was properly maintained and compliant with federal regulations.

47. On April 8, 2021, Defendant CSXT, its agents and/or employees were negligent in failing to provide Plaintiff Bugg with a reasonably safe place to work by not properly training Plaintiff Bugg and failing to implement

appropriate train handling rules and procedures regarding train collisions at highway crossings at grade.

48. Defendant CSXT, its agents and/or employees were negligent in failing to ensure adequate warning(s) and/or safeguard(s) were in place at the dangerous or ultrahazardous public crossing involved in the subject incident.

49. As a direct and proximate result of Defendant CSXT's negligence, Plaintiff Bugg suffered severe, debilitating and possibly permanent injuries.

50. As a direct and proximate result of Defendant CSXT's negligence, Plaintiff Bugg suffered physical injury and pain, psychological injury and mental anguish.

51. As a direct and proximate result of Defendant CSXT's negligence, Plaintiff Bugg incurred medical expenses, and will continue to incur future medical expenses, due to the nature and extent of their injuries.

52. As a direct and proximate result of Defendant CSXT's negligence, Plaintiff Bugg has suffered lost wages and benefits, and will continue to suffer future losses.

53. It was foreseeable that Defendant CSXT's negligence would cause Plaintiff Bugg's injuries and damages.

## COUNT FOUR
## VICARIOUS LIABILITY OF SAFE FREIGHT TRANSPORTATION, LLC AS TO PLAINTIFF REGINALD GLADMON

54. Plaintiffs re-allege and incorporate by reference the allegations contained in Paragraphs 1-26 above as though fully set forth herein.

55. Defendant SFT is liable for the negligent acts of its employee and agent Defendant Williams whom, at all times relevant to this Complaint, was acting within the scope and course of his employment with Defendant SFT.

56. Defendant SFT is liable to Plaintiff Gladmon pursuant to the doctrine of respondeat superior and agency principles.

57. It was foreseeable that Defendant SFT's negligence would cause Plaintiff Gladmon's injuries.

58. As a direct and proximate result of Defendant SFT's negligence, Plaintiff Gladmon suffered severe, debilitating and possibly permanent injuries.

59. As a direct and proximate result of Defendant SFT's negligence, Plaintiff Gladmon suffered physical injury and pain, psychological injury and mental anguish.

60. As a direct and proximate result of Defendant SFT's negligence, Plaintiff Gladmon incurred medical expenses and will continue to incur future medical expenses due to the nature and extent of his injuries.

61. As a direct and proximate result of Defendant SFT's negligence, Plaintiff Gladmon has suffered lost wages and benefits, and will continue to suffer future losses.

62. It was foreseeable that the negligence of Defendant SFT's, its agent and/or employee, would cause an accident resulting in Plaintiff Gladmon's damages and injuries.

## COUNT FIVE
## NEGLIGENCE OF DEFENDANT SHANDON WILLIAMS AS TO PLAINTIFF REGINALD GLADMON

63. Plaintiffs re-allege and incorporate by reference the allegations contained in Paragraphs 1-26 and 54-62 above as though fully set forth herein.

64. Defendant Williams breached the general duty of care and directly or proximately caused injuries to Plaintiff Gladmon by, but not limited to, one or more of the following acts of negligence or negligence per se:

    (a) On April 8, 2021, Defendant Williams, while operating Defendant SFT's semi-tractor and trailer, and working within the course and scope of his employment with Defendant SFT, failed to maintain a sufficient lookout for approaching trains on the railroad track that he was preparing to cross in Dekalb County, Georgia at the railroad crossing at grade at the intersection of Old Covington Highway and Turner Hill Road involved in the subject incident;

(b) On April 8, 2021, Defendant Williams, while operating Defendant SFT's semi-tractor and trailer, and working within the course and scope of his employment with Defendant SFT, failed to exercise ordinary care in avoiding the subject collision;

(c) On April 8, 2021, Defendant Williams, while operating Defendant SFT's semi-tractor and trailer, and working within the course and scope of his employment with Defendant SFT, drove Defendant SFT's semi-tractor and trailer over a railroad grade crossing with a train approaching in violation of O.C.G.A. § 40-6-140(d) with such violation constituting negligence *per se*;

(d) On April 8, 2021, Defendant Williams, while operating Defendant SFT's semi-tractor and trailer, and working within the course and scope of his employment with Defendant SFT, failed to ensure that there was sufficient space to drive completely through the railroad grade crossing without stopping in violation of O.C.G.A. § 40-6-140 (e) with such violation constituting negligence *per se*.

(e) On April 8, 2021, Defendant Williams, while operating Defendant SFT's semi-tractor and trailer, and while working within the course and scope of his employment with Defendant SFT, failed to comply with the official traffic control devices erected at the crossing in

      violation of O.C.G.A. § 40-6-20 with such violation constituting negligence *per se*.

    (f) On April 8, 2021, Defendant Williams, while operating Defendant SFT's semi-tractor and trailer, and while working within the course and scope of his employment with Defendant SFT, drove with reckless disregard for the safety of persons or property in violation of O.C.G.A. § 40-6-390, with such violation constituting negligence *per se*.

65. As a direct and proximate result of Defendant William's negligence as described above, Plaintiff Gladmon suffered severe, debilitating and possibly permanent injuries.

66. As a direct and proximate result of Defendant William's negligence as described above, Plaintiff Gladmon suffered physical injury and pain, psychological injury and mental anguish.

67. As a direct and proximate result of Defendant William's negligence as described above, Plaintiff Gladmon incurred medical expenses, and will continue to incur future medical expenses, due to the nature and extent of their injuries.

68. As a direct and proximate result of Defendant William's negligence as described above, Plaintiff Gladmon has suffered lost wages and benefits, and will continue to suffer future losses.

69. It was foreseeable that the negligence of Defendant Williams would cause an accident resulting in Plaintiff Gladmon's damages and injuries.

### COUNT SIX
### NEGLIGENCE AND THE FEDERAL EMPLOYERS' LIABILITY ACT (FELA) AS TO DEFENDANT CSX TRANSPORTATION, INC. AS TO PLAINTIFF REGINALD GLADMON

70. Plaintiff re-alleges and incorporates by reference the allegations contained in Paragraphs 1-26 and 54-69 above as though fully set forth herein.

71. Defendant CSXT has a non-delegable duty to provide Plaintiff Gladmon with a reasonably safe place to work.

72. Assumption of the risk is not a defense available to Defendant CSXT under a claim made by Plaintiff Gladmon pursuant to the FELA.

73. On April 8, 2021, Defendant CSXT, its agents and/or employees were negligent in failing to ensure the track structure of the railroad crossing involved in the subject incident was properly maintained and compliant with federal regulations.

74. On April 8, 2021, Defendant CSXT, its agents and/or employees were negligent in failing to provide Plaintiff Gladmon with a reasonably safe place to work by not properly training Plaintiff Gladmon and failing to

implement appropriate train handling rules and procedures regarding train collisions at highway crossings at grade.

75. Defendant CSXT, its agents and/or employees were negligent in failing to ensure adequate warning(s) and/or safeguard(s) were in place at the dangerous or ultrahazardous public crossing involved in the subject incident.

76. As a direct and proximate result of Defendant CSXT's negligence, Plaintiff Gladmon suffered severe, debilitating and possibly permanent injuries.

77. As a direct and proximate result of Defendant CSXT's negligence, Plaintiff Gladmon suffered physical injury and pain, psychological injury and mental anguish.

78. As a direct and proximate result of Defendant CSXT's negligence, Plaintiff Gladmon incurred medical expenses, and will continue to incur future medical expenses, due to the nature and extent of their injuries.

79. As a direct and proximate result of Defendant CSXT's negligence, Plaintiff Gladmon has suffered lost wages and benefits, and will continue to suffer future losses.

80. It was foreseeable that Defendant CSXT's negligence would cause Plaintiff Gladmon's injuries and damages.

**WHEREFORE,** Plaintiff Bugg prays for the following:

a. Trial by jury;

b. Judgment in his favor and against Defendants Safe Freight Transportation, LLC, Shandon Williams and CSX Transportation, Inc., in an amount to be shown by the evidence at the time of trial and determined by the enlightened conscious of the jury, including, but not limited to, any and all lost wages and fringe benefits, any and all future lost wages and fringe benefits, loss of earning capacity, medical bills and expenses, and past and future mental and physical pain and suffering in an amount to be shown and determined at trial.

c. All attorney's fees and costs of Court to be cast against Defendant(s); and

d. Punitive damages in favor of John Bugg based on the evidence developed in the course of discovery of this case;

e. Any and all such other and further relief as this Court deems just and equitable.

**WHEREFORE,** Plaintiff Gladmon prays for the following:

a. Trial by jury;

b. Judgment in his favor and against Defendants Safe Freight Transportation, LLC, Shandon Williams and CSX Transportation, Inc., in an amount to be shown by the evidence at the time of trial and determined by the enlightened conscious of the jury, including, but not limited to, any and all lost wages and fringe benefits, any and all future lost wages and fringe benefits, loss of earning capacity, medical bills and expenses, and past and future mental and physical pain and suffering in an amount to be shown and determined at trial.

c. All attorney's fees and costs of Court to be cast against Defendant(s); and

d. Punitive damages in favor of Reginald Gladmon based on the evidence developed in the course of discovery of this case;

e. Any and all such other and further relief as this Court deems just and equitable.

          **COOK, LEVERETT & UNDERWOOD, LLP**

  By: <u>/s/Edward S. Cook</u>
     COOK, LEVERETT & UNDERWOOD, LLP
     Edward S. Cook, Esq.
     Ga. Bar #183741

        Lindsey Rodgers, Esq.
        Ga. Bar #278885
        William P. Leverett, Esq.
        Ga. Bar #225593
        Robert R. Underwood, II, Esq.
        Florida Bar No.: 0684971
        (Pro-Hac Vice Forthcoming)
        *Attorneys for Plaintiffs*

970 Peachtree Industrial Blvd.
Suite 202
Suwanee, Georgia 30024
Phone: (404)841-8485
Fax: (404)841-8045
ecook@cookpclaw.com
lrodgers@cookpclaw.com
bleverett@cookpclaw.com
runderwood@cookpclaw.com